UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARGARET HAYS-BARMANN | CIVIL ACTION NO. 04-827 |
| versus | JUDGE WALTER |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

The Commissioner of the Social Security Administration denied an application for benefits filed by Margaret Hays-Barmann ("Plaintiff"). Plaintiff appealed the denial to this court and filed a brief in support of her position. The Commissioner responded. Acting on a report and recommendation from the undersigned, the court entered a judgment remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now presents a Motion for Award of Attorney's Fees (Doc. 21) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The government objects to the hourly rate requested by counsel, but it does not otherwise oppose the motion. For the reasons that follow, it is recommended that the motion be granted, but at the $125 hourly rate suggested by the government and historically employed in this district.

### Entitlement to Award

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position

of the government was substantially justified or that special circumstances make an award unjust. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. Breaux v. U.S. D.H.H.S., 20 F.3d 1324 (5th Cir. 1994). The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. Baker v. Bowen, 839 F.2d 1075, 1080 (5th Cir. 1988). The Commissioner does not contest that Plaintiff is the prevailing party and entitled to an award of EAJA fees, so an award should be granted.

**Hourly Rate**

The next issue is the hourly rate that should be used to calculate the fee award. The EAJA provides in relevant part that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." § 2412(d)(2)(A)(ii). Plaintiff urges the court to award an inflation-adjusted rate of $150 per hour for the work performed in this case in 2004 and 2005.

The $125 rate can be exceeded if the court determines that a higher fee is justified by inflation. However, "a district court, in its discretion, may determine that a fee below the established ceiling [$125 plus inflation] is a reasonable attorney's fee award based on the facts of a particular case." Hall v. Shalala, 50 F.3d 367, 370 (5th Cir. 1995) (upholding fee

of $75 per hour under prior version of statute even though inflation permitted a $111 per hour rate). In other words, the court is not required to use the maximum inflation-adjusted rate. And, as the statute says, the rate is to be based upon prevailing market rates subject to a statutory cap; the cap is not the baseline.

The Fifth Circuit encourages uniformity of EAJA rates awarded by the many judges in a district court. Hall, 50 F.3d at 370; Washington v. Barnhart, 93 Fed. Appx. 630 (5th Cir. 2004). Some courts have responded by ordering that the full inflation-adjusted fee be awarded in all cases. See Sandoval v. Apfel, 86 F.Supp. 2d 601, 614 (N.D. Tex. 2000). Others have decided that the $125 amount is the norm. Buras v. Barnhart, 2004 WL 74315 (E.D. La. 2004); Hasni v. Reyno, 2001 WL 128310 (E.D. La. 2001).

The Western District of Louisiana has no formal order or rule on the EAJA rate issue, but the three district judges who sit in the Shreveport division have consistently awarded $125 per hour without enhancement for inflation. See, e.g., Godwin v. Commissioner, 02 CV 1015 (8/26/04)(Hicks, J.) (adopting recommendation of $125); Johnson v. Commissioner, 01 CV 1989 (10/06/04) (Walter, J.) (same); and Demmel v. Commissioner, 03 CV 1673 (10/20/04) (Stagg, J.) (same). The court has researched the awards made in other divisions of the Western District and found no indication that awards other than for $125 are being made at this time. See, e.g., LeBlanc v. Commissioner, 02 CV 1576 (6/10/04) (Methvin, M.J.) (collecting cases and finding that "$125 per hour is the going rate in this district for social security awards"); Deshotel v. Commissioner, 02 CV 480 (6/13/03) (Wilson, M.J.)

(finding $125 appropriate). The undersigned finds that, in the relevant legal community, a rate of $125 per hour is a reasonable attorney fee for this case. The award maintains uniformity within this district and serves the twin goals of the EAJA by helping to ensure an adequate source of representation in social security appeals and minimizing the cost of that representation to the taxpayers. See Hall, 50 F.3d at 369.

**Compensable Hours and Total Award**

Plaintiff's counsel has submitted an itemized time sheet that indicates a total of 39.75 hours of attorney time dedicated to the appeal and the fee application. The Commissioner does not dispute the reasonableness of the hours, and the court finds the time claimed to be reasonable under the circumstances. The hours are a bit more than ordinarily spent on a social security case, but the Plaintiff's detailed brief shows that the extra time was well spent. The Commissioner also raises no objection to compensation for the $150.00 filing fee paid by Plaintiff.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Award of Attorney's Fees (Doc. 21) be **GRANTED**, ordering the United States to pay Plaintiff out-of-pocket costs in the amount of $150.00 plus attorney fees in the amount of $4,968.75 (39.75 hours at $125 per hour), for a total fee and cost award of $5,118.75.

**Objections**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 20th day of January, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE